IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EQUINOX F&B, INC. | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. _____ |
| ROOTS PRESSED JUICES LLC | | |
| Defendant. | | |

**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Roots Pressed Juices LLC ("Roots" or "Defendant"), Defendant herein, pursuant to 28 U.S.C. §§ 1441 and 1446, and gives notice that it hereby removes the case styled *Equinox F&B, Inc. v. Roots Pressed Juices LLC,* Index No. 656484/2021, filed in The Supreme Court of the State of New York, County of New York (the "State Court Action"). As grounds for removal, the Defendant respectfully states the following:

**I.      The State Court Action.**

1.      The State Court Action arises out of a dispute concerning Roots' operation and management of five health food and juice bar cafes within five "Equinox Fitness Club" branded health clubs located in Texas.

2.      On November 12, 2021, Plaintiff Equinox F&B, Inc. ("Equinox") initiated the State Court Action by filing its Complaint in The Supreme Court of the State of New York, County of New York.

3.  In its Complaint, Plaintiff seeks relief for an alleged breach of contract and seeks to recover "significant damages…punitive damages, legal fees, costs, expenses, interest…" and such other reliefs as it proves itself entitled. *See* Comp., Ex. B-1, ¶35.

4.  Attached hereto as Exhibits B-1 through B-3 are copies of the process and pleadings outlining the proceedings that have taken place in the State Court Action.

## II.   Requirements for Removal

5.  In accordance with 28 U.S.C. § 1446(a), Roots attaches the following to its Notice of Removal:

>   Exhibit A:   Index of all matters filed in the State Court Action that clearly identifies each document and indicates the date the document was filed.
>
>   Exhibit B:   Copies of all process and pleadings in the State Court Action, individually marked in order of filing from B-1 through B-3.

6.  Plaintiff filed the State Court Action on November 12, 2021. Defendant Roots was served with a copy of the Complaint and Summons on December 29, 2021. Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) as it is filed within 30 days after the receipt of the Complaint by the Defendant.

7.  As set forth in more detail below, this Court would have original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Except as otherwise expressly provided by Act of Congress, any civil action brought in the state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Southern District of New York is the United States District and Division embracing New York County, New York, the county in which the State Court Action is pending. *See* 28 U.S.C. §112(b).

8.      As required by 28 U.S.C. §1446(d), Roots, the removing party, will promptly file a copy of this Notice of Removal with The Supreme Court of the State of New York, County of New York, where the State Court Action is currently pending.

### III.    This Court has Jurisdiction Based on Diversity of Citizenship.

9.      The district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a).

        **A.    Complete Diversity of Citizenship Between the Parties.**

10.      Plaintiff Equinox is a Delaware corporation with its principal place of business situated in the County of New York, and State of New York. *See* Comp., Ex. B-1, ¶1. Therefore, Equinox is a citizen of the State of Delaware and New York for diversity purposes. 28 U.S.C. §1332(c)(l).

11.      Defendant Roots is a Texas limited liability company with its principal place of business in Texas. *See* Comp., Ex. B-1, ¶2. Therefore, Roots is a citizen of the State of Texas for diversity purposes. 28 U.S.C. §1332(c)(l).

12.      Therefore, at the time the State Court Action was commenced, and at the time of Removal, Defendant Roots is, and currently remains, diverse in citizenship from the Plaintiff. 28 U.S.C. § l332(a)(1).

13.      Accordingly, there is complete diversity among the parties.

        **B.    The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs**

14.      Plaintiff's Complaint does not allege the specific amount of damages it seeks to recover. Upon information and belief, Defendant believes the amount in controversy from Plaintiff's claim and Defendant's counterclaims likely exceed the $75,000.00 threshold for diversity jurisdiction.

15. When the plaintiff's state court petition does not allege the specific amount of damages, a court may determine that removal is proper if it is facially apparent from the petition that the claims are likely above $75,000.00. *Allen* v. *R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see also White* v. *VCI U.S.A., Inc.,* 319 F.3d 672, 675 (5th Cir. 2003) (to determine the amount in controversy, the court may consider actual damages, exemplary damages and attorney's fees). If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice that support a finding of the requisite amount. *Id.* The jurisdictional facts supporting removal must be judged at the time of the removal. *Id.* The defendant may rely on an estimation of damages calculated from the allegations in the compliant. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008); *See e.g. Luckett v. Delta Airlines*, Inc. 171 F.3d 295, 298 (5th Cir. 1999) (even though complaint did not state a specific amount, it was evidence that damages were over jurisdictional amount when complaint sought recovery for property damage, travel expenses, medical bills, pain and suffering, and humiliation).

16. The State Court Action arises out of a dispute concerning Roots' operation and management of five health food and juice bar cafes within five "Equinox Fitness Club" branded health clubs located in Texas. Plaintiff seeks to recover damages pursuant to a Master Operating Agreement. The Master Operating Agreement provides that the Minimum Fee payable to Equinox is: $500.00 per month for the Preston Hollow Club; $2,000.00 per month for the Highland Park Club; $1,200.00 per month for the Plano Club; $1,800.00 per month for the Austin Club; and $2,000.00 per month for the River Oaks Club. In addition to the payment of Minimum Fees, the Master Operating Agreement provides for the payment of a Percentage Fee of between eight to ten percent of Gross Sales from each location.

17.  Plaintiff alleges Defendant breached the Master Operating Agreement beginning in September 2021. Comp., Ex. B-1, ¶19.  Plaintiff alleges the leases for the Preston Hollow Club, Highland Park Club, and Plano Club leases run through February 28, 2022. Comp., Ex. B-1, ¶8. Therefore, Plaintiff is alleging damages of at least **$22,200.00** for these three leases (($500.00/mo. + $2,000.00/mo. + $1,200.00/mo.) * 6 months (September 2021 through February 28, 2022)). Plaintiff alleges the lease for the Austin Club ran through November 30, 2021.  Comp., Ex. B-1, ¶10. Therefore, Plaintiff is alleging damages of at least **$5,400.00** for the Austin Club lease ($1,800.00/mo. * 3 months for September 2021 through November 30, 2021). Plaintiff alleges the lease for the River Oaks Club runs through July 31, 2023. Comp., Ex. B-1, ¶9. Therefore, Plaintiff is alleging damages of at least **$46,000.00** for the River Oaks Club lease ($2,000.00/mo. * 23 months for September 2021 through July 31, 2023).

18.  In addition to the payment of Minimum Fees totaling **$73,600.00**, the Master Operating Agreement provides for the payment of a Percentage Fee of between eight to ten percent of Gross Sales from each location.

19.  In addition to the payment of Minimum Fees and Percentage Fee, Plaintiff alleges that Defendant is responsible for all costs and expenses incurred by Plaintiff, including "reasonable attorneys' fees and expenses." Comp., Ex. B-1, ¶17. Considering a recent study by Lawyer's Mutual has found that New York City has the highest attorney fee hourly rate of any city[1], it is reasonable to estimate Plaintiff's attorney fees in this matter will exceed $1,500.00, and more likely $50,000.00. Plaintiff's claim for Minimum Fees plus attorney fees cause the amount in controversy to exceed $75,000.00.

---

[1] https://www.lawyersmutualnc.com/blog/top-10-lawyer-hourly-rates-by-city

20. Plaintiff also alleges material disruption to Equinox F&B's operations and material damage to Equinox F&B's business reputation. Comp., Ex. B-1, ¶¶29-30. Finally, in addition to attorney fees, Plaintiff seeks to recover "significant damages" including "punitive damages". Ex. B-1, ¶35.

21. In addition to Plaintiff's claims, Defendant will file counter claims in this matter. Defendant seeks to recover at least $44,000.00 for perishable inventory that Equinox caused to spoil or failed to adequately safeguard. Defendant will also seek to recover equipment wrongfully held by Equinox with a value of at least $45,000.00. Defendant will also seek to recover its own attorney fees and other damages to which it is entitled.

22. Therefore, considering Plaintiff's claim for Minimum Fees of **$73,600.00** per year under the Master Operating Agreement (plus the payment of Percentage Fees), reasonably estimated Plaintiff's attorney fee claim of at least **$50,000.00**, Plaintiff's claim for exemplary damages, Defendant's counterclaims of at least $89,000.00 for the loss of perishable inventory and wrongfully held equipment plus other damages to which it is entitled, Defendant has established the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**IV.   Conclusion.**

23. Because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000.00, diversity jurisdiction exists and this Court has subject matter jurisdiction over the case.

**V.   Prayer.**

24. WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a)(1), 1367, 1441 and 1446 and in conformance with the requirements set forth in 28 U.S.C. §1446, Defendant Roots Pressed Juices LLC hereby removes the case styled *Equinox F&B, Inc. v. Roots Pressed Juices LLC*, Index No. 656484/2021, filed in The Supreme Court of the State of New York, County of New York, to the

United States District Court for the Southern District of New York, so that this Court may assume jurisdiction over the cause as provided by law.

        Respectfully Submitted,

        Roots Pressed Juices LLC

By:    */s/ Benjamin R. Idziak*
        Benjamin R. Idziak

        Benjamin R. Idziak, PC
        New York Registration No. 1531029
        Texas Bar No. 10383550
        P. O. Box 671
        Bedford, TX 76095
        Ph. (469) 635-8218
        Email: bidziak@bmandg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2022, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to the following:

(None)

I hereby certify that on January 26, 2022, I mailed the document by United States Postal Service to the following non CM/ECF participants:

LaRocca Hornik Rosen & Greenberg LLP
Rose Greenberg
Patrick McPArtland
40 Wall Street, 32nd Floor
New York, NY 10005
T: (212) 530-4826, 4837
E: rgreenberg@lhrgb.com
E: pmcpartland@lhrgb.com