UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EQUINOX F&B, INC.                                :
                                                 :
                 Plaintiff,     :       1:22-cv-00681
                                                 :
         -against-                       :       DEFENDANT'S ORIGINAL
                                                 :       ANSWER AND
ROOTS PRESSED JUICES LLC,                        :       COUNTERCLAIMS
                                                 :
                Defendant.      :
-------------------------------------------------------X

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

      NOW COMES Defendant, Roots Pressed Juices LLC ("Roots" or "Defendant"), and files this *Defendant's Original Answer and Counterclaims* in response to Plaintiff Equinox F&B, Inc.'s Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

    **I.**    **Admissions and Denials.**

    1. Defendant admits Equinox F&B is a Delaware corporation with its principal place of business situated in the County of New York, and State of New York.

    2. Defendant admits Roots is a Texas limited liability company with its principal place of business situated in the County of Dallas, and State of Texas.

    3. Defendant admits the Master Operating Agreement includes a provision for exclusive jurisdiction of the state and federal courts of the State of New York. Defendant denies State Court should exercise jurisdiction of this matter. Defendant filed to remove this cause to federal court. Defendant lacks sufficient knowledge or information to form a belief if Equinox F&B ever executed the Master Operating Agreement. Defendant reserves the right to challenge terms of the Master Operating Agreement if it was not executed by the Parties.

4. Defendant admits that on or around February 7, 2019, Roots reviewed a Master Operating Agreement with Equinox F&B (the "Master OA") and assumed management and operation of a number of health food and juice bar cafés (each, an "Equinox F&B Café") within certain "Equinox Fitness Club"-branded health clubs. Defendant lacks sufficient knowledge or information to form a belief if Equinox F&B ever executed the Master Operating Agreement. Defendant reserves the right to challenge terms of the Master Operating Agreement if it was not executed by the Parties.

5. Defendant admits that Roots began operating and managing three Equinox F&B Cafes located, respectively, at 4023 Oak Lawn Avenue Dallas, Texas; 8601-8699 Hillcrest Road, Preston Hollow, Dallas, Texas; and The Shops at Willow Bend, at 6109 West Park Boulevard, Plano, Texas (collectively, the "First Three Equinox F&B Cafés"). Defendant lacks sufficient knowledge or information to form a belief if Equinox F&B ever executed the Master Operating Agreement. Defendant reserves the right to challenge terms of the Master Operating Agreement if it was not executed by the Parties.

6. Defendant admits that Roots assumed the operation and management of a fourth Equinox F&B Café located at 4444 Westheimer Road, River Oaks, Houston, Texas (the "River Oaks Equinox F&B Café"). Defendant denies that it was on or about September 7, 2019. Defendant denies having entered into a written modification of the Master OA (the "First Modification to Master OA"). Defendant denies that Parties entered into a written First Modification to Master OA. Defendant reserves the right to challenge terms of the First Modification to Master OA if it was not executed by the Parties.

7. Defendant admits that Roots assumed the operation of a fifth Equinox F&B Café located at 1007 South Congress Avenue, Austin, Texas. Defendant denies that it was on or about July 6, 2020. Defendant lacks sufficient knowledge or information to form a belief if Equinox F&B ever

3 | P a g e

executed the Second Modification to Master OA. Defendant reserves the right to challenge terms of the Second Modification to Master OA if it was not executed by the Parties.

8. Defendant admits the term for the First Three Equinox F&B Cafes was set to expire on February 28, 2022.

9. Defendant does not have a copy of the purported agreement for the River Oaks Equinox F&B Café. Therefore, Defendant lacks sufficient knowledge or information if the term for the River Oaks Equinox F&B Café was set to expire on July 31, 2023.

10. Defendant admits that the term for the Austin Equinox F&B Café was set to expire on November 30, 2021.

11. Defendant admits that Roots used the Equinox F&B Cafés to sell food and beverage items and generate revenue therefrom. Defendant admits Roots covenanted and agreed to pay certain minimum license fees on the first day of each month. Defendant denies having entered into a written First Modification to Master OA. Defendant lacks sufficient knowledge or information to form a belief if Equinox F&B ever executed the Second Modification to Master OA. Defendant reserves the right to challenge terms of the First and Second Modification to Master OA if they were not executed by the Parties.

12. Defendant admits that, Section 4(B) of the Master OA provides that Roots shall pay to Equinox F&B the minimum annual license fee in monthly installments, in arrears, not later than the fifth (5th) day of each month (the "<u>Minimum Monthly License Fee</u>") during the term of the Agreement.

13. Defendant denies that it did not have the right under the Agreement to cease operating and managing the Equinox F&B Cafés or to stop paying the Minimum Monthly License Fees before expiration of the applicable term.

3 | P a g e

14. Defendant admits was under a duty to operate, control, supervise, manage, and maintain the Equinox F&B Cafes until the expiration of the applicable term. However, Defendant denies it would be under such obligation in the event of default by Plaintiff or if it was prevented from doing so by Plaintiff.

15. Defendant admits the terms of Section 1(G)(v) speak for themselves. Defendant denies Plaintiff has quoted Section 1(G)(v) as written.

16. Defendant denies that pursuant to Section 6 of the Master OA, Roots' payment obligations with respect to the Minimum Monthly License Fees continue regardless of any purported termination of the Agreement.

17. Defendant admits that pursuant to Section 9 of the Master OA, a defaulting party is responsible for all costs and expenses incurred by the other in connection with seeking to enforce the terms of the Agreement, including, but not limited to, reasonable attorneys' fees and expenses.

18. Defendant agrees that Section 6 of the Master Operating Agreement states that the Master Operating Agreement may be terminated "by Equinox if Equinox determines, in its sole discretion, at any time during the Term that the continued relationship with Operator creates legal risks or liabilities for Equinox." Defendant denies Plaintiff could terminate the Master Operating Agreement without notice to Defendant.

19. Defendant denies that it abandoned operation of the Equinox F&B Café located in Plano, Texas.

20. Defendant denies that it unequivocally stated in writing that it was abandoning, vacating, and ceasing operations at all Equinox F&B in thirty days.

21. Defendant denies that Neither the Agreement nor any related agreement between Equinox F&B and Roots permitted Roots to cease operations before expiration of the agreed upon term.

22. Defendant denies that on the evening of September 2, 2021, Roots' staff entered into the Plano Equinox F&B Café and unlawfully removed café equipment without notice, consent, or authority.

23. Defendant denies that on September 3, 2021, Roots' staff also entered the River Oaks Equinox F&B and Preston Hollow Equinox F&B Café and unlawfully attempted to take equipment without notice, consent, or authority.

24. Defendant denies that on the weekend of September 11, 2021, Roots entered the Highland Park, Texas location and unlawfully removed equipment and locked various cabinets without notice, consent, or authority.

25. Defendant denies that it took any unlawful actions. Defendant admits that Equinox F&B called the police.

26. Defendant denies that it took any unlawful actions. Defendant admits Plaintiff sent Defendant cease and desist letters and locked Defendant out of the Equinox F&B Café locations. Defendant denies any allegations made by Plaintiff in such letters.

27.  Defendant denies it breached the Agreement.

28. Defendant denies it intentionally breached the Agreement or acted with malice, recklessness, and willful disregard and denies stealing the café equipment.

29. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation that Defendant's alleged actions resulted in material disruptions to Equinox F&B's operations.

30. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation that Defendant's alleged actions materially damaged Equinox F&B's business reputation.

31. Defendant's admissions and denial in Paragraphs 1 through 30 and incorporated herein.

32. Defendant admits that Master OA is a valid contract between the parties. Defendant denies that Parties entered into a written First Modification to Master OA. Defendant lacks sufficient knowledge or information to form a belief if Equinox F&B ever executed the Second Modification to Master OA.

33. Defendant denies Equinox F&B fully performed its obligations under the Agreement.

34. Defendant denies Roots breached the Agreement by its alleged unlawful actions.

35. Defendant denies that it breached of the Agreement and denies Equinox F&B is entitled to significant damages, punitive damages, legal fees, costs, expenses, interest, or any such other and further relief.

## II.     Affirmative Defenses

36. <u>Failure to Mitigate Damages</u>. Plaintiff alleges that on September 2, 2021, Roots stated in writing that it was abandoning, vacating, all Equinox F&B locations in thirty days. However, on September 3, 2021, in a letter to Equinox F&B and its counsel, Roots' counsel informed Equinox F&B "it is Roots' intention, provided it is allowed access by Equinox, to continue to provide first class health food and juice bar café services to Equinox members until the termination of the Operating Agreement." After September 2, 2021, Equinox F&B locked Roots out of the Equinox F&B Cafés. Equinox F&B could have mitigated all of its alleged damages by allowing Roots to return and operate the Equinox F&B Café locations the morning on September 3, 2021 after locking Roots out on September 2, 2021.

37. <u>Penalty</u>. On September 15, 2021 Equinox F&B notified Roots that it was terminating the Master OA. Equinox F&B contends that it has the unilateral right to terminate the Master OA, with or without cause. Equinox F&B alleges that even if it terminated the Master OA without

cause, Roots is still be liable for Minimum Monthly License Fees for the entire term of the Master OA. Such a clause is a penalty and is unenforceable.

38. Prior Material Breach. In the unlikely event the trier of fact determines that the September 2, 2021 email from Roots constituted a breach of the Master OA, such breach was not material. Equinox F&B materially breached the Master OA when it excluded Roots from the Equinox F&B Cafés. Equinox F&B further breached the wind-down provision in the Master OA that provided "In the event of any termination or expiration of this Agreement, Equinox and Operator shall work together in good faith to effectuate the smooth, orderly and expeditious transition of the Roots F&B Venues back to Equinox or its designee…" The wind-down provision further required Equinox F&B and Roots to transition the Equinox F&B Cafés back to Equinox F&B in a discrete and professional manner such that there is no public perception that the parties' relationship is ending on bad terms or that either party is to blame for the cessation of the parties' relationship. Equinox F&B's calling the police to lock Roots' employees out of the Equinox F&B Cafés and subsequent social media posts violated these duties.

39. Repudiation/Estoppel. On September 15, 2021 counsel for Equinox F&B explicitly terminated the Master OA. Equinox F&B cannot now recover for the benefits of the Master OA which it terminated.

III. **Statement of Additional Facts**

40. Roots did not abandon any of the Equinox F&B Café locations. On September 2, 2021 all of the Equinox F&B Café locations were fully staffed by Roots employees who were providing first class health food and juice bar café services to Equinox F&B members.

41. During the late afternoon on of September 2, 2021, during Roots' normal operating hours, Equinox F&B called police to remove Roots employees from the Equinox F&B Café locations.

Original Answer and Counterclaims

On September 3, 2021 Equinox F&B prevented Roots employees from entering the Equinox F&B Café locations to open for business.

42. After being denied entry to the Equinox F&B Café locations, on September 3, 2021 Roots sent demand to Equinox F&B demanding Equinox F&B immediately allow Roots' employees access to the Equinox F&B Café locations and affirmed that Roots would continue to provide first class health food and juice bar café services to Equinox F&B members until the expiration of the Master OA.

43. On September 8, 2021, prior to terminating the Master OA, Equinox F&B notified members that the Roots locations had permanently closed.

44. After locking Roots out of the Equinox F&B Café, Equinox F&B managers took down Roots signage, and in at least one instance, rearranges the letters to "Toots Smoothies" and published the picture to social media to belittle and impair Roots' brand.

45. On September 15, 2021, Equinox F&B sent a letter to Roots terminating the Master OA.

46. On and after September 2, 2021 Equinox F&B denied Roots access to the Equinox F&B Café locations and refused to return Roots' fixtures, equipment, and perishable items.

47. Finally, in January 2022, four months after locking Roots out of the Equinox F&B Café locations and terminating the Master OA, Equinox F&B finally returned some of Roots' branded material and perishable items. Unfortunately, by that time, much of Roots' branded material and perishable items were missing or spoiled.

48. After locking Roots out of the Equinox F&B Café locations, Equinox F&B failed to take reasonable steps to protect Roots' fixtures, equipment, and perishable items. Equinox F&B refused Roots access to the Equinox F&B Café locations. Equinox F&B allowed Roots' perishable items

9 | P a g e

to be consumed by Equinox F&B employees, members, and other third parties and allowed Roots' perishable items to spoil.

### IV.   Counterclaims

49. All conditions precedent to Roots' claims for relief have been performed or have occurred.

50. Roots incorporates the Statement of Additional Facts as if fully set forth herein.

51. <u>Breach of Contract</u>. The Master OA was an enforceable contract between the Parties. Roots fully performed under the contract by providing first class health food and juice bar café services to Equinox F&B members at all of the Equinox F&B Café locations.

52. Equinox F&B breached the Master OA by locking Roots out of the Equinox F&B Café locations prior to the termination of the Master OA.

53. Equinox F&B further breached the Master OA by failing to preserve the integrity of Roots' brand by failing to transition the Equinox F&B Café locations back to Equinox F&B in a discrete and professional manner.

54. As a result of Equinox F&B's breach, Roots has suffered damages, including loss of fixtures, equipment, and perishable items. Pursuant to the terms of the Master OA, Roots is entitled to all costs incurred in the enforcement of the Master OA, including reasonable attorneys' fees.

55. <u>Conversion</u>. Upon Equinox F&B's termination of the Master OA, Roots was entitled to the return of, or payment for, its equipment and perishable items. Equinox F&B failed to return equipment and perishable items that rightfully belong to Roots. Equinox F&B further allowed Roots' perishable items to be sold, given away, or spoiled without the permission of, or compensation to, Roots. Roots suffered damages as a result of its loss of equipment and perishable items.

56. <u>Negligence</u>. Equinox F&B locked Roots out of the Equinox F&B Café locations. At the time of the lockout, the Equinox F&B Café locations were stocked with equipment and perishable items owned by Roots. Equinox F&B failed to allow Roots access to the Equinox F&B Café locations to retrieve its equipment and perishable items or to safeguard such items. After Equinox F&B locked Roots out of the Equinox F&B Café locations, Roots' equipment and perishable items were open and available to Equinox F&B employees and Equinox F&B members. Equinox F&B employees and members consumed, or allowed to spoil, Roots perishable items, thereby causing damage to Roots. Equinox F&B failed to adequately store Roots perishable items allowing them to be consumed or spoiled without permission from, or compensation to, Roots.

## V. <u>Prayer</u>

57. For these reasons, Defendant Roots Pressed Juices LLC asks the Court to do the following:

    a. Render judgment that the Plaintiff take nothing.

    b. Dismiss Plaintiff's claim with prejudice.

    c. Assess costs against Plaintiff.

    d. Award Defendant attorney fees.

    e. Render for Defendant and against Plaintiff for damages and attorney fees based on its causes of action.

    f. Award Defendant all other relief the Court deems appropriate.

11 | P a g e

Respectfully Submitted,

Roots Pressed Juices LLC

By:     */s/ Benjamin R. Idziak*
        Benjamin R. Idziak

        Benjamin R. Idziak, PC
        New York Bar Registration No. 1531029
        Texas Bar No. 10383550
        P. O. Box 671
        Bedford, TX 76095
        Ph. (469) 635-8218
        Email: bidziak@bmandg.com


By:     */s/ Tom Kapioltas*
        Thomas L. Kapioltas

        The Kapioltas Law Firm, PLLC
        Texas Bar No. 24032614
        2150 S. Central Expressway, Suite 200
        McKinney, Texas 75070
        Telephone:  214-764-9232
        Facsimile:   888-223-8151
        Email: tom@kapioltas.com
        (Pro hac vice pending)

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2022, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to the following:

(None)

I hereby certify that on February 2, 2022, I mailed the document by United States Postal Service to the following non CM/ECF participants:

LaRocca Hornik Rosen & Greenberg LLP
Rose Greenberg
Patrick McPArtland
40 Wall Street, 32nd Floor
New York, NY 10005
T: (212) 530-4826, 4837
E: rgreenberg@lhrgb.com
E: pmcpartland@lhrgb.com

11 | P a g e

Original Answer and Counterclaims