UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUINOX F&B, INC.,<br><br>                              Plaintiff,<br><br>          -against-<br><br>ROOTS PRESSED JUICES LLC,<br><br>                              Defendant. | 22-cv-681 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

For the reasons stated below and on the record at the March 18, 2024 conference, Plaintiff's motions *in limine* are DENIED without prejudice.

First, Plaintiff argues that Defendant should be precluded from offering evidence of its purported damages. Plaintiff principally argues that Defendant's evidence constitutes inadmissible hearsay, citing *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310 (S.D.N.Y. 2014), and *Harris v. Jamaica Auto Repair Inc.*, 2009 WL 2242355 (E.D.N.Y. July 27, 2009). But these cases recognize that "an invoice or other business record may be admitted into evidence for the truth of its contents provided that a custodian or other qualified witness states under oath that the document was prepared in the course of a regularly conducted business activity and that it was the regular practice of that business activity to make the document." *Harris*, 2009 WL 2242355, at *3 (cleaned up); *Guardian Life Ins.*, 45 F. Supp. 3d at 331 (same). Defendant claims that Mr. Rodgers will be able to lay this foundation, so the Court sees no reason to categorically exclude the documents at this stage. However, Plaintiff may reprise its objection at trial, and if Defendant is unable to establish the evidence's admissibility, it will not be considered.

Second, Plaintiff argues that Defendant should be precluded from offering testimony about any alleged theft from the Roots cafes. As explained on the record, there is at least some possible relevance to this testimony. And since this is a bench trial, "there is no concern for juror confusion or potential prejudice, as the court is the trier of fact." *Picard v. Sage Realty*, 2021 WL 5926059, at *3 (S.D.N.Y. Dec. 15, 2021). Nevertheless, Plaintiff is free to object at trial if a demonstration of relevance is not made, and the Court will take the objection into account in deciding what weight, if any, to attribute to the evidence.

The Clerk of Court is directed to terminate the motion at Dkt. 71.

SO ORDERED.

Dated: March 21, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge